UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Case No. 3:17-cr-081 JD-MGG |
| v. | )          3:19-cv-542-JD<br>)<br>) |
| TERRON TAYLOR | ) |

**OPINION AND ORDER**

This matter is now before the Court on the Defendant Terron Taylor's motion for relief under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel. [DE 274]. In a previous order, the Court denied Mr. Taylor relief on part of his claim of ineffective assistance of counsel but held there was a factual dispute between the parties regarding whether Mr. Taylor requested his defense counsel to file an appeal. [DE 304]. An evidentiary hearing was held. [DE 319]. For the following reasons, the Court concludes that Mr. Taylor is not entitled to any relief under § 2255, so it denies his motion.

**I. Factual Background**

Mr. Taylor was sentenced on September 20, 2018 to a total term of 168 months of imprisonment and five years of supervised release after pleading guilty to conspiring to distribute over 100 grams of heroin and waived his right to appeal. [DE 191; DE 119]. Prior to sentencing, Mr. Taylor faced a guideline sentencing range of 262 to 327 months of imprisonment. No direct appeal followed.

On July 15, 2019, Mr. Taylor filed a motion to vacate under 28 U.S.C. § 2255. [DE 274]. Mr. Taylor's motion raised two arguments supporting his claim for ineffective assistance of counsel: 1) at sentencing, his defense counsel failed to adequately object to Mr. Taylor's non-

1

receipt of a minor role reduction under guideline § 3B1.2; and 2) his defense counsel failed to file a notice of appeal despite Mr. Taylor's telling him to do so. *Id.* The Court entered an Order on December 12, 2019, finding that Mr. Taylor failed to show his counsel rendered ineffective assistance or that Mr. Taylor suffered prejudice as a result of counsel's objection to Mr. Taylor's non-receipt of a minor role reduction under the guidelines and therefore was not entitled to relief under § 2255. [DE 304]. The Court found that since there was a factual dispute relating to Mr. Taylor's second argument in support of his motion, an evidentiary hearing must be held, and Mr. Taylor was appointed counsel. *Id.* The Court held an evidentiary hearing on February 12, 2020 and heard testimony from Mr. Taylor's trial defense counsel Mr. Fred Hains, Mr. Taylor's fiancé Erikay Howard, and from Mr. Taylor himself regarding the remaining argument.

## II. Standard of Review

Section 2255(a) of Title 28 provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)).

## III. Discussion

Mr. Taylor's remaining argument is that his trial counsel provided ineffective assistance because he failed to file a notice of appeal despite Mr. Taylor's request. A criminal defendant is entitled to the assistance of counsel for his defense. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A defendant who was denied the effective assistance of counsel can receive relief under § 2255. To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the deficiencies in his counsel's performance, meaning that there is a reasonable probability that the results of the proceeding would have been different with effective representation. *Strickland*, 466 U.S. at 669; *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *Fuller v. United States*, 398 F.3d 644, 650 (7th Cir. 2005).

As a general matter, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The Supreme Court's recent decision in *Garza v. Idaho* expanded upon *Flores-Ortega* and held that "even the broadest appeal waiver does not deprive a defendant of all appellate claims" and therefore where "an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice is presumed 'with no further showing from the defendant of the merits of his underlying claims.'" 139 S. Ct. 738, 749–50 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484). Therefore, if Mr. Taylor in fact timely instructed his attorney to file a notice of appeal, he would be entitled to relief notwithstanding the appeal waiver in his plea agreement. The remedy then would be to vacate and reenter the original judgment, which would restart the time to appeal; it would then be

3

up to the court of appeals to decide if the appeal should be dismissed due to the waiver. *Garza*, 139 S. Ct. at 749.

Mr. Taylor asserts that after the sentence was pronounced (which he was surprised exceeded the 120-month mandatory minimum given counsel's advice), Mr. Taylor "immediately told defense counsel to file an appeal." [DE 274 at 4]. While the government contends that Mr. Taylor has "no credible evidence to support his allegations" [DE 289 at 23], Mr. Taylor submitted his motion "under penalty of perjury" and cited 28 U.S.C. § 1746 as evidence of the fact that he was swearing to the accuracy of his representations. [DE 274 at 8]. If accepted as true, that statement would entitle Mr. Taylor to relief. Thus, the government's argument to the contrary, created a factual dispute that only a hearing could resolve. *Sawyer v. United States*, 874F.3d 276, 279 (7th Cir. 2017) (holding that conflicts in the evidence "present precisely the types of factual issues the district court must resolve through an evidentiary hearing").

At the evidentiary hearing, consistent with his motion, Mr. Taylor testified that he had a brief conversation with Mr. Hains immediately after his sentencing was pronounced, asking him to appeal his case, to which he testified Mr. Hains responded "okay." [DE 319]. Mr. Hains recalls a conversation at that time and that Mr. Taylor was upset about his sentence, but he does not believe they discussed filing an appeal. Moreover, Mr. Hains testified that it is standard practice for him to file an appeal if is he requested to by a client.[1] However, Mr. Hains testified that he did not file a notice of appeal here because he received "no request" from Mr. Taylor, or anyone else on his behalf, to do so. Five days after the sentencing, Mr. Hains sent Mr. Taylor a letter which enclosed several documents pertaining to his sentencing, which also had the additional purpose of closing the case and indicating that Mr. Hains' involvement had ceased.

---

[1] Mr. Hains has been a federal practitioner since 1974 and has been on the Criminal Justice Act ("CJA") Panel for multiple decades.

[GE 1]. The letter states "[a]s you know, you have waived your abilities to appeal." *Id.* It is undisputed that Mr. Taylor received the letter and did not respond. This letter does not reference any conversation post-sentencing between Mr. Hains and Mr. Taylor. Rather, the letter reflects Mr. Hains state of mind that Mr. Taylor did not request the filing of a notice of appeal but was a reminder to Mr. Taylor of his appeal waiver and that Mr. Hains would take no further action. While Mr. Hains does not specifically recall the conversation he had with Mr. Taylor directly after sentencing, he does not believe it involved the filing of an appeal. The Court finds that the evidence of Government's Exhibit 1 and Mr. Hains' testimony regarding his letter and standard practices supports the conclusion that if Mr. Hains had received a request to file a notice of appeal from Mr. Taylor, he would have filed one.

      Mr. Taylor presented a novel argument at the evidentiary hearing. He argued that he told his fiancé, Ms. Erikay Howard to contact Mr. Hains about his desire to appeal. In response to those instructions, Ms. Howard testified that she left a voicemail for Mr. Hains to return her call. Based on her account of events, Mr. Hains called her back and told her that after the sentencing he no longer dealt with Mr. Taylor. She could not recall how long after the sentencing this conversation occurred. However, Mr. Hains testified that prior to appearing at the evidentiary hearing, he reviewed his notes, files, and timesheets regarding Mr. Taylor's matter and indicated that there were no voicemails recorded in his documentation. Mr. Hains also stated that he spoke with Ms. Howard on the phone prior to sentencing, but he has no recollection, notes, or timesheets of a call or voicemail from Ms. Howard after the sentencing occurred. Ms. Howard also testified that she believed that Mr. Taylor concluded he wanted to appeal upon returning to jail after his sentencing. Ms. Taylor confirmed that as far as she knew, she was the first person to ask Mr. Hains to file an appeal.

Based on the testimony and evidence presented at the hearing, the Court finds Mr. Hains to be a more credible witness than Mr. Taylor and Ms. Howard. *See Mendoza v. United States*, 755 F.3d 821, 828 (7th Cir. 2014) (noting that credibility determinations are "especially within the province of the district court and can virtually never be clear error") (citation omitted). First, Mr. Hains is a thorough and experienced federal practitioner, having served on the CJA panel for many years. His practice is to file a notice of appeal when requested by a client. He has memorandums, notes, and timesheets that he contemporaneously kept during his representation of Mr. Taylor and in his review of those, he confirmed that he was never requested to file an appeal for Mr. Taylor. Second, Mr. Hains testified to never speaking with Ms. Howard after the sentencing, only before, and there was no record of a voicemail left by Ms. Howard, contrary to her claim. Third, it was not until the evidentiary hearing that Mr. Taylor presented the argument that Ms. Howard called Mr. Hains on his behalf regarding the appeal. Neither his motion nor his reply mention Ms. Howard. [DE 274; DE 302]. Not only was this argument delayed, but Mr. Taylor and Ms. Howard's rendition of what occurred is not consistent. Mr. Taylor claims that he was merely asking Ms. Howard to follow up with his original appeal request to Mr. Hains, while Ms. Howard believed she was the first person making this request to Mr. Hains, potentially several weeks after sentencing. The inconsistency of their accounts cuts against both witnesses' credibility.

Lastly, at the hearing, the government argued that Mr. Taylor's motion is merely an attempt to take advantage of the recent *Garza* case and that he had no intent to appeal until learning of that decision. In support they cite the timing of his habeas petition, which Mr. Taylor acknowledges was filed about one month after he learned of the *Garza* decision. While the Court agrees that is curious, it need not rely on such suspicious timing in denying the petition.

Because the Court finds Mr. Hains' testimony that he was not requested to file an appeal by or for Mr. Taylor to be more credible than Mr. Taylor or Ms. Howard's testimony, the Court concludes that no such request was timely made. Therefore, Mr. Hains' representation was reasonable and not ineffective. Accordingly, the Court denies Mr. Taylor's motion to vacate under § 2255.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). Here, for the reasons previously discussed, the Court does not find that Mr. Taylor has made a substantial showing of the denial of any constitutional rights, or that any issues in this motion are adequate to deserve encouragement to proceed further. The Court therefore denies the issuance of a certificate of appealability.

The Court advises Mr. Taylor that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. The Court further advises Mr. Taylor that any

7

notice of appeal of this judgment must be filed within 60 days after the judgment is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

## V. CONCLUSION

For those reasons, the Court DENIES Mr. Taylor's motion for relief under § 2255 [DE 274] and DENIES the issuance of a certificate of appealability. The Clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.

ENTERED: April 3, 2020

/s/ JON E. DEGUILIO
Judge
United States District Court